## Shiddell *vs* Messick.

### ERROR TO THE FAYETTE CIRCUIT.

*Partnership.   Evidence.   Auditor's Report.*

CHANCERY.

*Case 36.*

JUDGE MARSHALL delivered the opinion of the Court.

*October 7.*

A partner who expels another from the concern, and choosing to carry on business under the permission of the Chancellor of having an account taken at once, held accountable for the interest of the expelled partner.

ALTHOUGH the evidence in this case is far from being satisfactory, yet upon consideration of all the circumstances proved, we are of opinion that the preponderance of proof and of probabilities is in favor of the conclusion, that there was a secret partnership between Shiddell and Messick in the bagging factory and grocery, to be carried on in the name of Shiddell, and to continue during the year 1840. We are also of opinion, that Messick, having been in effect expelled before the end of the year, was entitled to an account and to his share of the profits made on the stock during the year, and especially as Shiddell chose to carry on the business under the permission of

If the principle
on which an Au-
ditor's report is
made be errone-
ous, the chancel-
lor should cor-
rect the report,
even without ex-
ception.

Where a partner
is called before
an Auditor to
give an account
of sales, profits,
&c. and does an-
swer directly &
certainly, it is
improper to dis-
regard such proof
and resort to oth-
er less certain
proof to establish
the facts.

the Chancellor rather than have the stock and assets sold or divided at once.

But we are of opinion, that the decree is for too much, and is made upon an erroneous basis. The Commissioner's report, it is true, was not excepted to, but he reported three diffcrent statements of the accounts of the firm, with the proof and other data on which each was founded, and although this Court might not, when there were no exceptions, feel disposed or authorized to correct either of these statements for mere error in items, unless it were flagrant, yet, as a revisory tribunal, it is bound to correct any error in the principle on which the account assumed as the basis of the decree is founded. For this is an error, in the opinion and judgment of the Chancellor, on matter of law, which is not waived by a failure to except, specially, to the report. No suggestion is necessary as to such matter.

It appears then, from the Commissioner's report, that the defendant, Shiddell, was called on by the complainant to answer special interrogatories as to the sales made at the factory; the expenses and other items necessary for making up the account of profits; and from the answers to these interrogatories, which are direct and explicit, and from the books of the concern, kept by Shiddell, the Commissioner's statement, No. 1, is made up. Statement, No. 2, varies from No. 1, in reducing the expenses according to an estimate, founded on general evidence, of the expense of feeding, lodging and clothing hands in similar factories; and No. 3, varies from No 2, in increasing the proceeds of sales, by an estimate founded also on general evidence, relating to the prices of bagging and rope at different periods of the year 1840. But there is no other direct evidence as to the actual amount of expenses or the actual quantity of articles sold, or the actual proceeds of sales, except that which is furnished by Shiddell's answers to the original bill, and to the interrogatories put before the Commissioner. Under these circumstances, we think the Court erred in decreeing upon the statement, No 3, which departs from the only direct evidence on the subject of enquiry, and is founded upon a vague estimate, the correctness of which

is wholly uncertain. The general evidence as to expenses may not, and as we think, does not include all current expenses of the rented factory ; and there being no evidence of the times when sales were made, or of the quantities sold at the several sales, the general evidence as to prices, which, in itself, is not precise, furnishes no rule for ascertaining, except by guess, the probable proceeds of sales.

As Shiddell is made a witness upon these subjects by the special interrogatories propounded before the Commissioners, and as he answers directly to the point, as to facts which he must have known, his evidence, both on this ground and on the ground of the confidence reposed in him as partner, is entitled to a weight which is not, in our opinion, counterbalanced by the general evidence which has been referred to, and especially as it may be inferred from the Commissioner's report, that it is corroborated by the books kept by him, like other Trustees or agents who keep and exhibit an account of their transactions in that character, and answer, explicitly, all questions relating to it, his accounts and answers are entitled to credit until disproved; and although Shiddell denies the partnership which we suppose to have been proved, yet we cannot say that his denial is so far groundless as that he should stand discredited merely on that account. There was not an exact compliance, on the part of Messick, with the condition on which Shiddell had agreed to enter into partnership with him ; and although there are various other circumstances which, in connection with that agreement, authorize, in our opinion, the legal conclusion, that there was a partnership, notwithstanding Messick's failure to comply, literally, with the prescribed condition, we cannot say that Shiddell may not honestly have entertained the opinion that there was no partnership obligatory on him; and besides, Messick has made him a witness. We are of opinion, therefore, that the Court should have assumed, as the basis of the decree, the Commissioner's statement, No. 1, and should have decreed against Shiddell the sum of $981 51, the balance appearing due from him by that statement, in-

When a partner is called on before an Auditor and is made a witness by special interrogatories propounded, and answers directly to facts which he must have known, corroborating the books, his answers are entitled to credit until disproved.

stead of the sum of $1626 36, appearing due by state-ment, No. 3.

Wherefore, the decree is reversed and the cause re-manded, with directions to render a decree for $981 51.

*Sayre* for plaintiff: *Robinson & Johnson* for defendant.